IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BENJAMIN SMITH, #56430-066      *
        Petitioner,
        vs.          *     CIVIL ACTION NO. RDB-10-1653

JOHN CARAWAY      *
        Respondent.

******************************************************

BENJAMIN SMITH, #56430-066      *
        Plaintiff,
        vs.          *     CIVIL ACTION NO. RDB-11-143

TASKER      *
SULLIVAN
        Defendants.      *
                               ***

## MEMORANDUM OPINION

Benjamin Smith ("Smith") is a U.S. Bureau of Prisons ("BOP") inmate confined at the Federal Correctional Institution at Cumberland, Maryland ("FCI-Cumberland"). On June 21, 2010, he filed a 28 U.S.C. § 2241 Petition for Habeas Corpus relief, seeking to expunge or reduce a January 2009 disciplinary report and to have the forfeited good conduct time ("GCT") restored. *See Smith v. Caraway*, Civil Action No. RDB-10-1653 (D. Md.) at ECF No. 1. Smith claims that the disciplinary sanction is invalid because it was based upon a retaliatory and arbitrary report and founded upon a disciplinary rule that is unconstitutionally vague.[1]

---

[1] In his Motion for Summary Judgment, which was originally filed with the Petition, Smith claims that due to verbal confrontations with an FCI correctional officer and the denial of a breakfast meal by a cook in the dining hall in December 2008 and January 2009, he filed informal grievances and indicated that he would be filing a grievance against them for "retaliation and cruelty." He contends that as result the officer and cook (Lieutenant Sullivan and Cook Foreman Tasker) wrote a disciplinary report citing him with threatening a staff member with bodily harm. Smith states that his property was searched, inventoried, and packed up for storage while he was on lockup and a small bottle of rubbing alcohol, freely given to inmates at the UNICOR work site, was found. He was cited with an infraction by Sullivan under a high offense category. Smith

Smith's Motion for Summary Judgment remains pending. On January 11, 2011, Respondent Caraway filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 13. Smith filed an Opposition and Caraway filed a Reply thereto. ECF Nos. 15 & 16. The Court has reviewed the Petition and briefing and finds that an oral hearing is not necessary. *See* Local Rule 105.6. (D. Md. 2010). For reasons to follow, the Petition shall be denied and dismissed.

The BOP has the authority to provide for the protection, instruction, and discipline of all persons convicted of offenses against the United States. *See* 18 U.S.C. § 4042(a)(3). The rules for inmate discipline are promulgated under 28 C.F.R. §§ 541.14-541.21, and provide for an exhaustive process. If staff believe that a violation of a BOP regulation has been committed by an inmate, an incident report is prepared and the inmate is provided a written copy of the charges, ordinarily within 24 hours of the time staff become aware of the inmate's involvement in the incident. *See* 28 C.F.R. §§ 541.14(a) & (b)(2) and § 541.15(a).

An investigating officer reads the charges to the inmate and requests a statement from the inmate, advising him of his rights. After completion of the investigation, materials are forwarded to the Unit Disciplinary Committee ("UDC") for an initial hearing, which is ordinarily conducted within 3 working days. *See* 28 C.F.R. §§ 541.15(b). The inmate is entitled to be present at the hearing except during the deliberations of the decision makers or when institutional security would

---

complains that the prison rule prohibiting possession of a "dangerous chemical" is unconstitutionally vague. He claims that another inmate who also had the same alcohol found in his locker two years earlier was written up for lesser disciplinary charges, found guilty, and sanctioned with a 30-day loss of commissary. He alleges that he was found guilty of the higher offense charge for substantially the same offense by a Disciplinary Hearing Officer ("DHO") and sanctioned with 60 days in disciplinary segregation and the loss of 40 days GCT. ECF No. 1 at Attachment. The Motion for Summary Judgment was dismissed without prejudice on August 24, 2010. ECF. No. 7. It was re-filed in substantial part on October 27, 2010, and has been considered in reaching a final determination. ECF No. 8.

be jeopardized by the inmate's presence, and he may make a statement and present documentary evidence on his own behalf. *See* 28 C.F.R. §§ 541.15(c) & (d).

After considering all of the evidence presented at the hearing, the UDC makes a decision based on some facts and, if there is conflicting evidence, based on the greater weight of the evidence. *See* 28 C.F.R. § 541.15(f). If the UDC finds the inmate committed the prohibited act or a similar act if reflected in the incident report and determines that the violation is serious and warrants consideration for non-minor sanctions, the UDC refers the charges to the DHO for further proceedings with a brief statement of the reasons for the referral, without indication of findings as to the commission of the alleged violation. *See* 28 C.F.R. §§ 541.15(f)(1) & (3) and (h). If referred to the DHO, the UDC forwards copies of all relevant documents to the DHO with a brief statement of the reasons for the referral, along with any recommendation for appropriate disposition if the DHO finds the inmate committed the act(s) charged. *See* 28 C.F.R. § 541.15(h). The UDC advises the inmate of his rights to be afforded at the hearing before the DHO and asks the inmate to indicate a choice of staff representative, if any, and the names of witnesses he wishes to be called to testify at the hearing and the nature of the testimony they are expected to provide. *See* 28 C.F.R. § 541.15(i). These witnesses are listed on the disciplinary hearing notice. *Id.*

When appearing before the DHO, the inmate is entitled to: (1) make a statement and to present documentary evidence; (2) submit the names of requested witnesses and have them called to testify; and (3) present documents on his behalf. *See* 28 C.F.R. § 541.17(c). Witness testimony and documentary evidence may be presented provided the calling of witnesses and disclosure of documents does not jeopardize prison or inmate security. *Id.*

The DHO considers all evidence presented at the hearing and bases his or her decision on at least some facts, and if there is conflicting evidence, on the greater weight of the evidence. *See* 28 C.F.R. § 541.17(f). The DHO makes a determination as to whether or not the inmate committed the charged act(s) or similar act(s) if reflected in the incident report and prepares a record of the proceedings which need not be verbatim. *See* 28 C.F.R. §§ 541.17(f) & (g). The record documents the advisement of the inmate's rights, the findings and decision of the DHO, and the specific evidence relied on by the DHO, and includes a brief statement of the reasons for the sanctions. *See* 28 C.F.R. § 541.17(g). A written copy of the DHO's decision and disposition must be provided to the inmate, ordinarily within 10 days. *Id.*

It is relevant to this case that the BOP prohibits the "possession, manufacture, or introduction of a gun, firearm, weapon, sharpened instrument, knife, dangerous chemical, explosive or any ammunition." *See* 28 C.F.R. § 541.13. Upon finding that an inmate committed this prohibited act, the DHO may direct that the inmate forfeit non-invested GCT up to 50% or sixty days, which is less; or disallow between 25 & 50 % if GCT available for a year; recommend disciplinary transfer; place the inmate in disciplinary segregation up to 30 days; withhold statutory good time; and/or deny privileges such as visitation, commissary, or recreation for a specific period of time.

In reliance of Smith's base file and the declaration of DHO J. Howard Losiewicz, Caraway contends that Smith's due process rights were not violated during his adjustment review process. He provides the following information.

On January 10, 2009, Smith was placed in the FCI-Cumberland Special Housing Unit. As his property was being secured and inventoried, a plastic bottle of "Advanced Ultrex Plus" was discovered containing a clear liquid substance. ECF No. 13, Ex. 1 at Attachment B at 9. Two days

4

later the prison's safety manager confirmed the liquid was isopropyl alcohol. ECF No. 13, Ex. 1, Attachment B at 10. On that same day, January 12, 2009, Smith was issued a copy of an incident report. On January 13, 2009, he acknowledged receipt and understanding of the of the Inmate Rights at Discipline Hearing form and received the Notice of Discipline Hearing Before the DHO form indicating that he had been charged with violating Category Rule 104, Possession of a Dangerous Chemical. *Id.*, Ex. 1, Attachment B at 4 & 6-7. Smith indicated that he did not wish to have a staff representative present during the hearing but did wish to call a witness to testify, Santana Robinson, an FCI-Cumberland inmate who had been found guilty of possessing alcohol in 2007.

On January 23, 2009, Losiewicz conducted Smith's hearing. *Id.,* Losiewicz Decl. , Attachment B at 1-3. Smith acknowledged possession of the rubbing alcohol. Inmate Robinson appeared and stated that he had been found guilty of possessing rubbing alcohol in 2007, but had been charged with the lesser severity offense of "possession of anything unauthorized." *Id.* Based on the evidence provided including Smith's admission of possession of isopropyl alcohol; the officer's report that the liquid was discovered in Smith's property in a plastic bottle; confirmation of Safety Manager K. Wolford that the liquid was isopropyl alcohol, a dangerous chemical that inmates are prohibited from possessing; and confirmation from Superintendent of Industries G. Woltz that Smith had access to isopropyl alcohol while in UNICOR, the DHO concluded that Smith committed the prohibited act of Possession of a Dangerous Chemical. The DHO sanctioned Smith with the loss of 40 days GCT, 15 days disciplinary segregation, and 45 days disciplinary segregation, suspended pending 180 days clear conduct. *Id.* Smith received a copy of the DHO report on June 5, 2009.

In his Opposition Smith complains for the first time: that he was not provided a copy of Safety Manager Wolford's report nor allowed to review it prior to or after the disciplinary hearing;

5

there is a question regarding the reliability of the chain of custody for the chemical substance; and the test results identifying the unknown liquid substance was not disclosed. ECF No. 15. He again claims that the disciplinary report was issued in retaliation for his protected activity in filing grievances and that BOP regulations involving "dangerous chemicals" is unconstitutionally vague. *Id.* In his Reply, Caraway again asserts that Smith was provided all required due process under applicable case law and that his chain-of-custody claim regarding the bottle of liquid is speculative at best and carries no weight in light of the fact that he has continuously acknowledged possession of the isopropyl alcohol. ECF No. 16.

Although prisoners do retain rights under the Due Process Clause, prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of GCT, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. *See Wolff*, 418 U. S. at 564-571. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. *See Baxter v. Palmigiano*, 425 U. S. 308, 322-23 (1976); *Brown v. Braxton*, 373 F.3d 501, 505-06 (4th Cir. 2004). As long as the hearing

officer's decision contains a written statement of the evidence relied upon, due process is satisfied. *See Baxter*, 425 U.S. at 323 n.5.

The Court finds that the disciplinary process associated with Smith's institutional charge meets the aforementioned minimum due process procedural requirements. He received advanced written notice of the charges, was advised of his rights, was permitted to have representation, and received formal notice of the DHO hearing.

Further, the DHO submitted a written statement as to the evidence relied on to determine that Smith violated Code 104, and offered specific reasons why the sanctions were imposed. Smith was given the opportunity to call witnesses and to present documentary evidence. His testimony and that of Santana Robinson did not exonerate Smith from the Code 104 charge. The Court further finds no evidence of bias or prejudice on the part of the DHO when conducting the hearing and reaching his conclusions. Losiewicz did not prepare the disciplinary report, investigate the infraction, or testify as a witness.

Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. *See Kelly v. Cooper*, 502 F.Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. *See Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir. 1990). As long as there is some evidence in the record to support a disciplinary officer's factual findings, a federal court will not review their accuracy.[2]

---

[2] The role of the district court is not to afford a *de novo* review of the disciplinary officer's factual findings. The district court should simply determine whether the decision was supported by some facts.

The proceedings before this Court are not a retrial of the incidents and the undersigned finds that the DHO decision was based upon "some evidence." DHO Losiewicz affirms that in finding some evidence to sustain the Code 104 charge, he considered Smith's statement, the testimony of inmate Robinson,[3] the incident report, and the confirmatory statements of the superintendent of industries and the safety manager regarding access to and the danger of the rubbing alcohol. Losiewicz concluded that Smith did possess the rubbing alcohol and the alcohol is considered a dangerous substance because it is flammable. He therefore found Smith guilty of Possessing a Dangerous Substance. They constitute "some" facts upon which the DHO was entitled to rely in finding Smith guilty of the Code 104 violation.

Insofar as Smith claims that the disciplinary charge and punishment occurred in retaliation for filing informal grievances against Lt. Sullivan, the Court finds that Smith has failed to prove the required elements of a constitutional claim of retaliation. While retaliation against an inmate for the exercise of a constitutional right states a claim, *see American Civ. Liberties Union v. Wicomico County*, 999 F. 2d 780, 785-86 (4th Cir. 1993), Smith "[b]ears the burden of showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantial or motivating factor in the prison officials' decision..." *Graham v. Henderson*, 89 F.3d 75, 79 (2$^d$ Cir. 1996). To state a claim for retaliation, Smith must demonstrate (1) the invocation of a constitutional right; (2) the intent to retaliate against him for his exercise of that right; (3) a retaliatory adverse act; and (4)

---

The sole and only issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken by prison officials. Otherwise, the federal court would assume the task of retrying all prison disciplinary disputes.

[3] Losiewicz noted that Santana Robinson's testimony had "no relevance or bearing on the outcome of the hearing," and that his 2007 incident report had been handled by the UDC and had not been referred to the DHO.

causation; *i.e.*, but for the retaliatory motive, the complained-of incident would not have occurred. See *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). There is no constitutional entitlement to participate in a prison grievance process. See *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).[4] A constitutional claim of retaliation is not supported

Smith further complains that Code 104 is constitutionally vague. He argues that he had no way of knowing that the rubbing alcohol constituted a dangerous chemical under Code 104 and as he did not try to set a fire or cause a riot, the finding that rubbing alcohol is a dangerous chemical charge is "vague." In this instance the DHO found that the isopropyl alcohol is a dangerous chemical under Rule 104 because it is flammable and Smith's possession posed a threat to "the security and orderly running of the institution" and a danger to "the safety and quality of life of both inmates and staff." Isopropyl alcohol is defined in many reference materials as a colorless, flammable, and volatile liquid. See www.meriam-webster.com & www.dictionary.reference.com. According to Caraway, the BOP expressly lists combustible or flammable liquids as an example of hard contraband and it is not an item included on the BOP permissible inmate personal property list. The Court finds that the BOP policy prohibiting the possession of a dangerous chemical is neither vague on its face nor as applied to Smith.

For the aforementioned reasons the Court concludes that Smith's January 2009 disciplinary hearing process comported with due process. The DHO decision shall stand. Smith's Motion for Summary Judgment shall be denied. Respondent's dispositive filing, construed as a motion for summary judgment, shall be granted. Habeas relief shall be denied.

---

[4] It would appear that Smith's claim of retaliation primarily focuses on Sullivan and Tasker filing a false disciplinary infraction against him for allegedly threatening them with harm. Smith admits that the infraction was dismissed. The Court therefore questions what, if any, injury Smith directly suffered as a result of the alleged retaliation.

The Court further observes that during the pendency of the § 2241 Petition, Smith filed a 28 U.S.C. § 1331 *Bivens* Complaint for $250,000 in damages against Lt. Sullivan and Cook Forman Tasker on January 14, 2011. *See Smith v. Tasker*, Civil Action No. RDB-11-143 (D. Md.). He raises anew the aforementioned allegations against Sullivan and Tasker regarding the verbal confrontations, the denial of a breakfast meal on January 20, 2009, and the issuance of a false disciplinary report in retaliation for Smith's filing of informal grievances. In light of the factual record, the Court's decision in the Petition for habeas corpus relief, and the fact that Smith has failed to set out any colorable constitutional claims in the § 1331 civil rights action, the Complaint for damages shall be summarily dismissed without requiring a response from Defendants.[5] A separate Order follows.

Date: March 22, 2011.

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[5] Mere verbal harassment on the part of prison staff does not set out a constitutional claim. *See Barney v. Pulsipher*, 143 F.3d 1299, 1310 n. 11 (10th Cir. 1998); *accord Shabazz v. Pico*, 994 F.Supp. 460, 474 (S.D. N.Y. 1998); *see also Cole v. Cole*, 633 F.2d 1083, 1091 (4th Cir. 1980). Likewise, the claim that Smith was denied a breakfast meal on one isolated occasion fails to state an Eighth Amendment violation. *See Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998); *Cunningham v. Jones*, 667 F.2d 565 (6th Cir. 1982). Finally, Sullivan and Tasker are not culpable for allegedly making false allegations in a prison disciplinary report where Smith was given the opportunity to challenge the information presented in the report. *See Freeman v. Rideout*, 808 F.2d 949, 953 (2d Cir. 1986)